UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:15-CR-47-TAV-DCP-2 ) |
| WILLIAM BRADFORD WEBB, | ) ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Doc. 105]. However, he has not demonstrated that he satisfied § 3582(c)(1)(A)'s exhaustion requirement before bringing the instant motion. Because the exhaustion requirement is a mandatory prerequisite to the Court's consideration of the merits of his request, defendant's motion is **DENIED** without prejudice.

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018 amended § 3582(c)(1)(A) to modify one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on a motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf

or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. § 3582(c)(1)(A). If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or

> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.*

Defendant appears to request relief under § 3582(c)(1)(A)(i), citing his testing positive for COVID-19 and his various medical conditions as the basis for his request [Doc. 105 p. 1]. But because defendant has failed to satisfy § 3582(c)(1)(A)'s exhaustion requirement, the Court may not address the merits of his request.

Defendant does not allege that he "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." § 3582(c)(1)(A); *see* 28 C.F.R. § 571.63(b)–(c). And while he claims to have "filed a Bp 8 and Bp 9 with no answer" [Doc. 105 p. 1], he has failed to allege or establish certain facts necessary for the Court to find that by doing so he has satisfied the thirty-day prong of the exhaustion requirement. Specifically, defendant does not indicate *when* he made these requests. As a

2

result, the Court cannot ascertain whether defendant waited thirty (30) days from the warden's receipt of a request for compassionate before bringing the instant motion on July 16, 2020. *See* § 3582(c)(1)(A). Additionally, defendant does not indicate what information or requests these filings contained. The record is thus void of any indication that defendant submitted a request to the warden of his facility requesting a motion for compassionate release in compliance with 28 C.F.R. § 571.61 (requiring an inmate to set forth the "extraordinary and compelling circumstances that the inmate believes warrant consideration" and his "proposed release plan" in his compassionate-release request to the warden).

For the reasons discussed, it appears defendant has neither "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" nor waited thirty (30) days "from the receipt of such a request by the warden of defendant's facility" before bringing the instant motion. § 3582(c)(1)(A). He therefore has not satisfied the exhaustion requirement, a statutory prerequisite to the Court's consideration of his request for compassionate release and a mandatory condition which the Court lacks the authority to waive. *Id.*; *see United States v. Alam*, 960 F.3d 831, 834–36 (6th Cir. 2020). Accordingly, defendant's motion [Doc. 105] is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE